PILLSBURY WINTHROP SHAW PITTMAN LLP
31 West 52nd Street
New York, NY 10019-6131
Telephone: 212-858-1000
Facsimile: 212-858-1500
John A. Pintarelli
Patrick E. Fitzmaurice
Rahman Connelly

*Attorneys for the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>Three Arrows Fund, Ltd (In Liquidation),<br><br>Debtor in a Foreign Proceeding. [1] | Case No. 24-10210 (MG)<br><br>Chapter 15 |

**STATUS REPORT**

Paul Pretlove, David Standish and James Drury, the duly appointed joint liquidators and foreign representatives of Three Arrows Fund, Ltd (In Liquidation) ("**TAFL**" or the "**Debtor**"), a company with limited liability in liquidation in the British Virgin Islands (the "**BVI Proceeding**") respectfully submit, by counsel, this status report in accordance with the Court's Order to Show Cause, dated March 10, 2026 (ECF 37).

**I.      Background on TAFL and the Chapter 15 Case**

TAFL was incorporated as a company with limited liability under the laws of the BVI and operated pursuant to a Memorandum and Articles of Association dated May 3, 2012 (as later amended and restated on October 3, 2021).  TAFL was founded by Kyle Davies and Su Zhu. It has two registered directors (whose powers ceased following the appointment of the Liquidators) who are Messrs. Davies and Zhu (collectively, the "**Directors**").

TAFL was formed to make investments and engage in short-term opportunities trading. TAFL is the offshore feeder fund of Three Arrows Capital, Ltd ("**3AC**"). 3AC was a professional fund within the meaning of the Securities and Investment Business Act, 2010, of the BVI. TAFL and Three Arrows Fund, LP (the "**Onshore Fund**," and together with TAFL, the "**Feeder Funds**") own the economic interests in 3AC.

---

[1] The Debtor's company registration number is 1710548. The Debtor's registered office is P.O. Box 2283, 1st Floor, Columbus Centre, Road Town, Tortola, British Virgin Islands.

A substantial part of the 3AC investment portfolio was in a cryptocurrency known as Luna (Terra/Luna) which was associated with a stablecoin, namely TerraUSD. On May 9, 2022, Terra/Luna crashed and its value wiped out completely. As a result, creditors to 3AC made margin calls on loans due and while 3AC was initially able to meet these margin calls, it was subsequently unable to meet all of them when the lenders reacted *en masse*. On June 27, 2022, Russell Crumpler and Christopher Farmer were appointed by the Eastern Caribbean Supreme Court (the "**BVI Court**") as the joint liquidators of 3AC (the "**3AC Liquidators**").

Following the liquidation of 3AC, TAFL had little purpose. TAFL's Directors and sole voting shareholder resolved to place TAFL into a formal liquidation process by written resolution on January 27, 2023 and the foreign representatives were appointed as TAFL's joint liquidators. Under BVI law, the foreign representatives are tasked with investigating the assets and liabilities of TAFL. Those efforts, however, were hampered by the fact that TAFL did not have any liquid assets. Nevertheless, on March 14, 2024, the foreign representatives filed certain claims on TAFL's behalf in 3AC's BVI proceeding. The 3AC Liquidators have objected to those claims on various grounds.

On February 8, 2024, the foreign representatives, through counsel, filed a petition for recognition of the BVI Proceeding under chapter 15 of title 11 of the U.S. Code (the "**Bankruptcy Code**").  On February 29, 2024, the 3AC Liquidators filed an objection to the petition (ECF 15). On March 8, 2024, the foreign liquidators filed a response to the 3AC objection (ECF 26).  The Court held a hearing on March 11, 2014 on the foreign representatives' application and overruled 3AC's objection. The Court thereafter entered an order recognizing the BVI Proceeding as a foreign main proceeding under chapter 15 of the Bankruptcy Code and granted certain discretionary relief (ECF 32) (the "**Recognition Order**").

Importantly, paragraph 5 of the Recognition Order authorizes the foreign representatives to "issue subpoenas in accordance with applicable procedural rules for the examination of witnesses and/or the production of documents within the territorial jurisdiction of the United States concerning the assets, affairs, rights, obligations or liabilities of TAFL and (to the extent relevant) TAFL's affiliates… Pending further order of this Court, disclosure of testimony and documents obtained in response to such subpoenas shall be restricted to the Liquidators and counsel of record to the Liquidators in this Court or the BVI court." On April 7, 2025, more than a year after entry of the Recognition Order, a Stipulation and Protective Order between the foreign representatives and the 3AC Liquidators was filed on the docket (ECF 36).

To date, the 3AC Liquidators have refused to turn over documents and information requested by the foreign representatives. The 3AC Liquidators have based this refusal on their argument that such documents concern assets that are owned by 3AC alone, such that TAFL only has an interest in them, presumably as a shareholder of 3AC.

As discussed further below, after a failed attempt to mediate TAFL's claims against 3AC, the foreign representatives have served subpoenas on the 3AC Liquidators' U.S. counsel seeking the production of documents related to assets owned by three separate portfolios represented by share classes issued by TAFL (*i.e.*, DeFiance, Warbler and Starry Night) (the "**Separate Portfolio(s)**").

4926-8992-7577

## II.        The TAFL Liquidation

The foreign representatives have focused their investigation on the assets and transactions related to the Separate Portfolios believing the Separate Portfolios to represent assets of TAFL's estate, and not 3AC's estate.  In a typical master-feeder fund structure, investors acquire shares in a feeder fund, which in turn acquires shares in a master fund which then makes investments according to the fund's strategy. It is also common that different investors will have different investment goals, or want to invest in specific pools of assets, such that the fund manager will cause the feeder and master fund to offer different share classes to investors to accomplish those goals.

Here, TAFL's governing documents were amended to create separate share classes for each of the Separate Portfolios; however, no such change was made to 3AC's governing documents. The consequence is that TAFL issued DeFiance, Warbler, and Starry Night shares to investors, while 3AC did not issue corresponding shares to TAFL. TAFL's governing documents were also amended to increase its authorized share capital. However, no such change was made to 3AC's governing documents. 3AC then purported to issue shares to TAFL in excess of its authorized capital.

As stated, on March 14, 2024, TAFL filed proprietary and unsecured claims in the 3AC proceedings asserting claims relating to, among other things, those assets. On March 19, 2024, the 3AC Liquidators issued a letter to the foreign representative seeking additional particulars regarding the TAFL claims. on the basis that it lacked particulars with respect to the proprietary claim and the unsecured claims. In the rejection letter, the 3AC Liquidators stated "We emphasise that the absence of books and records is no reason for failing to set out the legal or equitable basis for the Claim." On July 5, 2024, the 3AC Liquidators rejected the TAFL claims via an adjudication notice.  The foreign representatives have sought to obtain information from the 3AC Liquidators relating to their claims – the 3AC Liquidators have the books and records of the entire Three Arrows enterprise -  but the 3AC Liquidators have refused to provide it and as a result, the foreign representatives have had to unfairly litigate with the threat of an adverse costs judgment in the BVI proceedings, without complete information.

The foreign representatives believe that information relating to the Separate Portfolios is located in the United States and further believe that TAFL may have US-based claims relating to those assets.

### Starry Night

One of the Separate Portfolios was a collection of non-fungible tokens ("**NFTs**") referred to as Starry Night. It was managed by an investment manager who lives in the United States. That investment manager, known by his pseudonym, VincentVanDough ("**VVD**"), turned over to the 3AC Liquidators a flash drive that contained information about the Starry Night assets and allowed them to access the NFT portfolio.

On July 12, 2022, this Court entrusted "assets owned by 3AC" to the 3AC Liquidators for distribution in the BVI liquidation. The Starry Night assets were U.S. assets acquired with the

proceeds of the sale by TAFL of shares in the Starry Night share classes.  On November 23, 2022, the 3AC Liquidators filed an application seeking a declaration from the BVI Court that the Starry Night portfolio is to be treated as assets of and beneficially owned by 3AC.

The foreign representatives did not receive notice of the Starry Night application with the BVI Court – they only became aware of it through their own diligence. When the foreign representatives contacted the 3AC Liquidators to seek additional information about Starry Night, the 3AC Liquidators refused to produce any information and stated that if the foreign representatives (or any interested party for that matter) planned to file a challenge to the application they will need to "put up cash as security for costs (incurred by the 3AC Liquidators if the BVI Court granted the relief sought)." At the time, the foreign representatives had no funding to challenge the petition. On July 20, 2023, with no opposition filed, the BVI Court granted the 3AC Liquidators' Starry Night application.

The foreign representatives have served subpoenas on the 3AC Liquidators' US counsel and on VVD seeking information relating to the Starry Night Separate Portfolio. The responses to those subpoenas remain pending.

**DeFiance**

A second Separate Portfolio related to the DeFiance share class issued by TAFL. This Separate Portfolio was managed by Mr. Cheong Jun Yoong ("**Mr. Cheong**") as investment manager on behalf of himself and the other investors who purchased shares in the DeFiance share class issued by TAFL and the Onshore Fund.

Mr. Cheong and the 3AC Liquidators issued various proceedings against each other with Mr. Cheong, among other things, arguing that the assets of the DeFiance Separate Portfolio were held on trust for him and the other investors of the Feeder Funds who acquired class DeFiance shares issued by the Feeder Funds. On September 18, 2024, the 3AC Liquidators filed an application seeking sanction to enter into a settlement agreement with certain, but not all, of the DeFiance investors, where 3AC agreed to a payment of $25 million to the settling DeFiance investors in exchange for Mr. Cheong turning over certain assets in his possession to the 3AC Liquidators and the DeFiance investors assigning their claims against TAFL to 3AC. In addition, Mr. Cheong was granted a $10 million personal claim against 3AC. Sanction to enter into this settlement agreement was granted by the BVI Court on October 3, 2024.

As stated, on October 28, 2024, the 3AC Liquidators filed an application with the BVI Court seeking approval of the DeFiance settlement agreement. One of the conditions of the settlement required by Mr. Cheong was that he would agree that the DeFiance Portfolio was owned by 3AC to the exclusion of other third parties, including TAFL and the Onshore Fund, but the settlement agreement had to be binding on TAFL.  As a result, the 3AC Liquidators provided notice of the BVI Court application to the foreign representatives and sought to make TAFL a party to the application. As with the Starry Night application, any participation by the foreign representatives would have been under threat of an adverse costs judgment, potentially exposing the foreign representatives to personal liability, at a time when the foreign representatives lacked funding for the TAFL estate.

4

**Warbler**

The third Separate Portfolio is referred to as Warbler, and relates to the Warbler share class issued by TAFL. The Warbler assets were managed by Eric Emer, who resides in the United States. Mr. Emer's investment strategy generally involved the trading of various crypto assets, but the Warbler Separate Portfolio would also make loans to 3AC from time to time and 3AC issued lending statements to Warbler on account of such loans. Mr. Emer filed a proof of debt for approximately $3.5 million against 3AC on behalf of the TAFL Warbler share class; the foreign representatives understand that the Onshore Fund Warbler share class has outstanding claims exceeding $40 million. .  The 3AC Liquidators rejected Mr. Emer's claim because Warbler was not a "legal" entity with which 3AC had a contractual relationship.  Claims relating to the TAFL Warbler share class were included in the proof of debt TAFL filed against 3AC, and that claim has likewise been rejected. The 3AC Liquidators' position appears to be that the funds advanced from the Warbler Separate Portfolio were neither loans (despite the presence of lending statements issued by 3AC) nor equity contributions (because no shares were issued in exchange for such transfers).

**Settlement Discussions**

In February 2026, the foreign representatives and the 3AC Liquidators participated in a mediation in the BVI of TAFL's claims against 3AC. The mediation has terminated without reaching settlement. As of the filing of this status report, no settlement has been reached.

**III.    Remaining Steps in the Chapter 15 Case**

As stated, the foreign representatives have recently served subpoenas on the 3AC Liquidators' US counsel and VVD seeking information concerning TAFL's assets, including information that would allow the foreign representatives to investigate potential claims relating to the Separate Portfolios and claims TAFL may have against the Directors or other parties. Responses to those subpoenas remain pending and the foreign representatives believe that they will likely need the court's assistance in resolving objections to or otherwise enforcing the subpoenas and any subsequent subpoenas they may issue.

Dated: March 24, 2026                         Respectfully submitted,
       New York, New York

                                              PILLSBURY WINTHROP SHAW PITTMAN LLP

                                              */s/ John A. Pintarelli*
                                              John A. Pintarelli
                                              Patrick E. Fitzmaurice
                                              Rahman Connelly
                                              31 West 52nd Street
                                              New York, NY 10019-6131
                                              Telephone: 212-858-1000
                                              Facsimile: 212-858-1500

                                              *Attorneys for the Foreign Representatives*

5

4926-8992-7577